•The opinion of the court was delivered by
Gibson, J.
Although the promise is laid, in this declaration, as having been made by the administratrix, as such; yet, if the action must necessarily be considered as having been brought against her personally, the judgment, which is de bonis intestati, is undoubtedly wrong. But, notwithstanding the early decisions to the con *99 trary, there is no difficulty in supporting this count, as of a promise made by the defendant, in her character of administratrix. The action is for money laid out and expended to her use, as adminis-tratrix, in consequence of the payment of a debt after the death of the intestate, for which he and the plaintiff were jointly liable in his lifetime; consequently, the promise is an implied one. Now, the money could not be considered as having been expended to the use of the intestate, for he was dead at the time; and, as it was not expended to the use of his administratrix personally, the law would raise no promise from such a consideration, to bind her personally: so that, unless it would imply such a promise as is laid in this declaration, a plaintiff would be without remedy where there was no express promise, in consideration of assets. It is said, that as the money was paid to relieve the assets in the hands of the adminis-tratrix, a conditional promise to pay out of the assets might be implied; and that the cause of action should have been so laid here, in which case, the promise being by the defendant, in her own own right, the judgment de bonis propriis would still-have been exclusively proper. I am, however, inclined to think, that an implied conditional promise would be considered as much an anomaly, as a promise by an executor or administrator in a representative capacity. A conditional promise must be specially declared on; and, for this reason, it must be an actual express undertaking. Ah implied promise arises out of, and follows the nature of the consideration, which, in this case, was the actual payment of money to the use of the administratrix, as such; and there is, therefore, no great technical absui’dity in implying a promise by her in the character, in relation to which, the money was paid to her use. But this form of declaring, is not without support from precedent and analogous cases; as, for instance, the form of declaring against executors or administrators, to save the bar of the statute of limitations; in which it is the practice to join with counts on promises by the testator or intestate in his lifetime, an insimul co?nputas-sent with the executor or administrator, in respect of money due by the testator or intestate in his lifetime; in which case, the promise which the law implies from the stating of the count, is laid as having been made by the personal representative, as such. It is certain, that, in the case of the insimul computassent, the moneys must have been owing in the lifetime of the decedent; and here the debt did not arise till after his death. But the liability which produced the payment, which is the consideration of the promise, existed in his lifetime; which is, in substance, the same thing. But, I take it, that is not the most material part of the inquiry. In the case of the insimul computassent the promise, which is the gist of the action, is laid as having been made by the personal representative after the death of the decedent; which fully establishes the principle for which it is necessary to contend, in the case under consideration. Mr. Chilty, whose judgment in matters of this *100 bind, is entitled to great respect, is of opinion that if the point should again come before the English courts, it would receive a different decision. 1 can see no reason why it should not. The same convenience which requires such a form of declaration to be supported, where it is employed to elude the statute of limitations, equally requires it to be supported in cases like the present. At all events, it is entirely within the power of this court to establish a precedent for itself, and I am therefore of opinion, that the judgment should be affirmed.
Judgment affirmed.