DANIEL, J.
It seems to be well established as a general principle, that contracts made with an executor or administrator are personal, and do not bind the *estate of the testator or intestate. The representative has no power to charge the assets in his hands by contracts originating with himself; nor can any other person reach the assets for claims originating since the death of the decedent, by suit against the representative as such. For such contracts and claims the remedy is against the executor or administrator in his private capacity: Whilst on the other hand, for the contracts of the decedent, the representative is bound not personally, but in his representative capacity. Jennings v. Newman, 4 T. R. 347; Sumner v. Williams, 8 Mass. R. 162, 199.
It is also equally as well settled that promises which charge a man as executor cannot be joined with those which charge him personally: Because the judgment in the one case would be de bonis propriis, and in the other de bonis testatoris. 2 Saund. R. 117 e, note; Epes’ adm’r v. Dudley, 5 Rand. 437.
The declaration contains three counts. The charges exhibited by the two first, have all originated since the death of the testator, and unless they can be excepted from the general rule, they lie not against the executor as such, but against him personally. The counsel for the appellee *135 argues that they may be so excepted; that they are of a nature entitling them to stand on the same footing with the funeral expenses of the deceased, for which, he sayTs, a recovery may be had against the executor in his representative character. In the case of Corner v. Shew, 3 Mees. & Welsb. 350, the authorities on the subject were reviewed, and the subject fully discussed and examined as well by the counsel of the respective parties as by the court. The authorities relied on in that case for the proposition that the funeral expenses constituted a charge on the estate and could be demanded of the executor as such, were Tugwell v. Heyman, 3 Camp. R. 298; Rogers v. Price, Young & Jer. 28; and Lucy v. Walrond, *32 Eng. C. L. R. 349. “With respect to the two first cases (Parke B. said), it was no doubt decided by them that there is an implied promise on the part of an executor, who has assets, to pay the reasonable expenses of such a funeral of his testator as is suitable to his degree and circumstances. It was contended, however, at the bar that those decisions were against a prior authority and were wrong, (a question upon which it is not necessary for us to give any opinion,) but that, if they were right, the only point really determined was, that the law implies a contract on the part of the executor personally, and not in his representative character; and we are all of that opinion.” And of the last case he disposes by saying that the point was not then discussed, and that the case was decided on the ground of payment of money into court. I have examined these cases, and think that the foregoing views with respect to the authority to be deduced from them, is correct; and that the conclusion to which the whole court, in Corner v. Shew, arrived, viz: that the executor as such cannot be made liable for the funeral expenses of the testator, may now be regarded as the well settled law in England. In this country the weight of authority is in favor of the same conclusion. In Myer v. Cole, 12 John. R. 349, and in Demott v. Field, 7 Cow. R. 58, counts, on promises by the testator, were joined with counts on promises by the executor as such, to pay for the funeral expenses of the testator; and iii each case it was held that the declaration could not be sustained; the counts on the promises by the testator requiring a judgment de bonis testa toris, and the counts on the promises by the executor to pay for the funeral expenses, judgments de bonis propriis. The court said that the last mentioned promises were personal; and though the estate of the testator in the hands of the defendant *would be liable over to him for the funeral expenses, that did not alter the form of the proceeding.
In Hapgood v. Houghton, 10 Pick. R. 154, which was assumpsit against an executor, a count on a promise by the testator, was joined with a count for the funeral expenses, alleging that they were incurred at the request of the executor, and that he as utch promised to pay therefor; and the court held there was no good objection to the joinders. It will be seen, however, that the plaintiff mainly relied on a statute, the count for the funeral expenses, after stating that they were incurred with the consent and knowledge and at the request of the defendant, adding “that thereby and by force of the statute in such case made and provided, the said defendant in his said capacity became liable to pay the same, and in consideration thereof as executor promised, ” &c. And the court, in delivering its opinion, is, I think, fairly to be understood as resting its judgment mainly on the statute. In the case of Parker v. Lewis, 2 Dev. R. 21, it must be conceded the question seems to have been untrammeled by such considerations, and to have been decided on the views which the court entertained of the rule of the common law on the subject; and it was then held that such expenses are a charge on the assets, independently of anjpromise by the administrator, upon the ascertainment of the fact that they are of that description, and proper for the estate and degree of the deceased. And an instruction given in the court below that the defendant was liable for them in his character of administrator, without a previous request or promise, was sustained. The case, however, stands opposed to the current of decisions on the subject; and I think we are well justified in regarding it as settled that such expenses constitute no exception to the general rule, which charges the executor in his individual and not *in his representative character, for claims against the estate, originating' since the death of the decedent. Be this as it may, the authorities seein to be almost uniform in holding that all other services, rendered for the estate after the death of the testator, charge the executor, if at all, personally. And in addition to those already referred to as sustaining the general principle, from which such a rule may be deduced, may be cited the cases of Vaughn v. Gardner, 7 B. Monr. R. 326, and Lovell v. Field, 5 Verm. R. 218, in which the precise question was decided. In the former, it was decided that with promises by the testator to pay for work and labor done arid services rendered for him in his life time, might be joined promises to pay for the same, by the executor; whilst promises by the executor in consideration of services performed for him as executor could not be: Because the judgment in both of the first mentioned promises would have to be de bonis testatoris, and on the last de bonis propriis. And in the latter, the same principle was announced. The court said that the administrator could not promise to bind the estate for goods furnished for the benefit of the estate. The promise is his own, and he is personally liable. He may make it on the credit of the estate in his hands; but whether he has a right to pay out of the same depends on its receiving the sanction of the i>robat court.
It seems to me, from this view of the law, that the promises set forth in the two first *136 counts can create no liability on the executor as such, and charge him only personally. If the third count was of the same kind, the judgment of the court overruling the demurrer might most probably.be sustained. For in the case of Corner v. Shew, heretofore cited, it is stated as law, that if the defendant could not, under any circumstances, be liable to the charges made against him as executor, those words, in the declaration, might be *struck out as surplusage, which, however, could not be done in a case in which a defendant could on any supposition be liable in that character to the contract or demand declared on. And in 2 Williams’ Ex’ors 1096, it is said that where the nature of the debt is such as necessarily to make defendant liable personally, the judgment will be de bonis propriis, although he be charged as executor. In the case of Sims v. Stilwell, 3 How. Miss. R. 176, the rule is stated in_ very much the same terms; and in 2 Williams’ Ex’ors 1099, it is said that when the executor is personally liable, the naming him executor may be regarded as surplus-age.
The third count is for divers sums of money paid, laid out and expended by plaintiff for the use of the defendants as executors. Under such a count facts might have been shown which would have justified a recovery de bonis testatoris. It seems to be now well settled that a count against an executor for money had and received cannot be joined with a count for money due to plaintiff by the defendant 'as executor upon .an account stated with him of money due from him as executor: The first being treated as showing a personal charge on the executor, and the last a charge against the estate. Ashby v. Ashby, 14 Eng. C. L. R. 77. In that case there were three counts against the defendant as executor. The first for money paid, &c., to the use of defendant as executor; the second for money received by defendant as executor to the plaintiff’s use; and the third on an account stated. The court holding it clear according to the authorities, that there was an improper joinder of the second and third counts, did not deem it necessary to decide upon the character of the first, though there was a strong intimation of opinion that the first count was for matter which charged the executor in his representative character. Bayley, J., said, “In the first count of the declaration before us, the money is stated to have been paid by the plaintiff, to the use of the defendant as executor. That imports that the plaintiff has paid it, not on the personal account of the defendant, but that he has paid it for him because he was executor; that is, as it seems to me, in release of something which would otherwise have been a burden on the assets of the testator. I think that the plaintiff, having paid the money to the use of the defendant as executor, has the same right that before such payment belonged to the person to whom it was made, and consequently, that he (the plaintiff) may charge the assets of the testator. To put a plain case: Suppose two persons are jointly bound as sureties; one dies; the survivor is sued, and is obliged to pay the whole debt. If the deceased had been living, the survivor might have sued him for contribution in an action for money paid; and I think he is entitled to sue, the executor of the deceased for money paid to his use as executor.” Like opinions were expressed by other members of the court. In the argument of the case of Corner v. Shew, it seems to have been conceded that such was the law; and it was also thus held in the case of Collins v. Weiser, 12 Serg. & Rawle 97. The character of a count for money had and received and of a count on account stated against an executor, had been considered by this court, and adjudg'ed in accordance with the decision in Ashby v. Ashby; it being decided in Fairfax’s ex’ors v. Stover, 2 Call 514, that on the former the judgment should be de bonis propriis, and in Epes’ adm’r v. Dudley, 5 Rand. 437, that on the latter the judgment should be de bonis testatoris. I see no reason for doubting that the opinion expressed in that case (Ashby v. Ashby) with respect to the count for money paid, &c., to the use of the executor, is also now the law. Such being the case there was an improper joinder of *counts in the declaration; and the court, instead of overruling ought to have sustained the demurrer.
On the trial an exception was taken to the action of the court in refusing to give certain instructions asked by the defendant. The facts of the case are, however, not stated, and in their absence we cannot undertake to decide whether the court did right or wrong in refusing.
I think, therefore, that in accordance with Hale v. Crow, 9 Gratt. 263, and Strange v. Floyd, 9 Gratt. 474, the judgment should be reversed, and the cause remanded, in order that the defendant in error may amend his declaration, if so advised; and on his failure to make a motion to that effect, that the court may render judgment for the plaintiff in error.
The other judges concurred in the opinion' of Daniel, J.
Judgment reversed.