## Staunton.

WHITTEN AND ANOTHER v. BANK OF FINCASTLE.

September 18, 1902.

1. EXECUTORS—*Power to Create Debts.*—The indebtedness for which the estate of a decedent is liable is that which existed at the time of his death. An executor, as such, cannot create a cause of action against his decedent's estate.

2. EXECUTORS—*Creation of Debts—Purchase of Property—Liability of Property to Lender.*—Where an executor, as such, executes a note, in excess of his powers, and the proceeds are used in the purchase of property which is in his possession at the time of his death, such property may be subjected by the lender to the payment of his debt.

3. PRINCIPAL AND AGENT—*Negotiable Instruments—Powers of Agent.*—The power to make or endorse negotiable instruments may be implied as a necessary incident of powers expressly conferred. Where an entire business is placed under the management of an agent, the authority of the agent is presumed to be commensurate with the necessities of the situation. He has implied authority to do whatever is ordinarily incident to the conduct of such business, whatever is necessary to the efficient execution of the duties, or whatever is customary in a particular trade.

Appeal from a decree of the Circuit Court of Botetourt county, pronounced October 23, 1900, in a suit in chancery wherein Godwin's administrators were the complainants, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Wm. M.* and *J. T. McAllister*, for the appellants.

*Benjamin Haden*, for the appellees.

KEITH, P., delivered the opinion of the court.

James Godwin and J. R. Godwin filed their bill in the Circuit Court of Botetourt county as administrators *de bonis non* of Thomas G. Godwin, and administrators of M. M. Godwin, deceased, who was executrix of Thomas G. Godwin, in which they show that their father, Thomas G. Godwin, died in September, 1885, having first made his will, in which he devised his whole estate to his wife, M. M. Godwin, for her natural life, with remainder to their children, and named her as executrix.  She took possession of the estate bequeathed to her, and died in November, 1891.                                  .

The estate of Thomas G. Godwin at his death amounted to $9,067.46, and that of M. M. Godwin nominally to the sum of $6,917.59, but the bill charges that all of the property in the possession of M. M. Godwin at the time of her death, and which passed into the hands of her administrators, was a part of the estate of Thomas G. Godwin, and that she had no separate estate.

The bill was filed to settle the two estates, to ascertain any debts that might be outstanding, and to distribute what remained after their payment among those entitled.  All of the heirs and distributees of Thomas G. Godwin and M. M. Godwin were *sui juris* except Ella G. Whitten and Robinson Whitten, children of a deceased daughter, who were under twenty-one years of age.  They filed answers by their guardian *ad litem*, submitting their interest to the care of the court, and the bill as to the others was taken as confessed.

A decree was entered as of the May term, 1894, directing a commissioner to ascertain the indebtedness of the estates of Thomas G. and M. M. Godwin, deceased, and on what portion of their respective estates, the same is to be charged, to settle an account of the executrix of Thomas G. Godwin, deceased, and the accounts of the plaintiffs as administrators of Thomas G.

and. M. M. Godwin, and also an account of the advancements made by Thomas G. Godwin and M. M. Godwin to their several children and heirs at law, and certain other accounts with which we are not now concerned.

The commissioner reported that the only debt of the estates of either Thomas G. Godwin or M. M. Godwin was one to the Bank of Fincastle amounting to $5,000. This note was made in the fall of 1891 by James Godwin, acting under a power of attorney from his mother, which is in the following words: "Know all men by these presents: That I have this day appointed James Godwin my agent for the transaction generally and particularly of all my business, and I hereby ratify and confirm his acts as such agent. Given under my hand and seal this 28th day of May, 1888.

"M. M. GODWIN (Seal)."

A short time after the execution of this note Mrs. Godwin died. There is no satisfactory evidence that she knew of the existence of this note at any time during her life, nor is it necessary at this time that we should pass upon its validity in the view we have taken of the case. This note was presented to the Bank of Fincastle, was by it discounted, and the proceeds, it is alleged, were passed to the credit of Mrs. Godwin, and its payment secured by the deposit of sixty-one shares of the capital stock of the Bank of Fincastle, which was part of the estate of Thomas G. Godwin, deceased, in the hands of his executrix to be administered.

The court, by its decree of November 2, 1894, recites "that the estates of Thomas G. Godwin and M. M. Godwin having been treated as one estate, and therefore both made liable for the debt reported as due the Bank of Fincastle, it is therefore adjudged, ordered, and decreed that J. R. Godwin and James Godwin, administrators of Thomas G. Godwin and M. M. Godwin, do make sale of the bank stock as well as other stocks belonging to both

estates, and collect the choses in action and apply the proceeds thereof—

"1st. To the payment of the costs of administration, including the costs of this suit, and a fee of one hundred and twenty dollars to plaintiff's counsel.

"2d. To the discharge of the debts due by both estates, including the debt of $5,000 to the Bank of Fincastle, with interest thereon from the 21st day of October till paid."

All of the adult heirs and distributees of Thomas G. and M. M. Godwin approved of that decree, and the only persons objecting thereto are the infant defendants, Ella G. and Robinson Whitten, who, after they became of age, filed their joint and separate answer to the original bill in this case. They insist that M. M. Godwin took only a life estate under the will of her husband; that she changed some of the investments which came into her hands as executrix, and converted them into bonds, notes, and other evidences of debt in her own name; that she had no estate of her own, and that all of the bonds, notes, stocks and other evidence of indebtedness reported as belonging to her, really constituted a part of the estate of her deceased husband. They charge that the $5,000 borrowed from the bank was not a debt due by the estate of Thomas G. Godwin; that his estate was not responsible for it; that the money which was paid to the Bank of Fincastle in discharge of this debt was a part of the estate of Thomas G. Godwin, and that the bank should be required to restore at least their share of it which should be paid over to them.

They pray that the decree of November 2, 1894, may be reheard and set aside; that proper accounts may be taken; that the assets, if any, belonging to M. M. Godwin's estate, be separated from those belonging to Thomas G. Godwin's estate; that the Bank of Fincastle be required to refund to a receiver, to be appointed in this case, the sums of money which have been paid out of Thomas G. Godwin's estate on any debts due said bank from

M. M. Godwin's estate; that an account be stated showing the assets of Thomas G. Godwin; and that distribution be made of his estate to the parties entitled thereto, including the petitioners.

There is not enough in this record to enable us to dispose of the whole controversy, but we are of opinion that there is error in the decree of November 2, 1894, for which it should be reversed. The indebtedness of the estate of Thomas G. Godwin, deceased, for which it is liable, is such as existed at the time of his death. The executrix could not, as such, create a cause of action against her decedent. Said Judge Daniel, in *Fitzhugh's Ex'ors* v. *Fitzhugh*, 11 Gratt., at page 301: "It seems to be well settled as a general principle that contracts made with an executor or administrator are personal, and do not bind the estate of the testator or intestate. The representative has no power to charge the estates in his hands by contracts originating with himself."

So strictly was the principle applied in that case that it was held that an action will not lie against the personal representative for the funeral expenses of his decedent. It was error, therefore, for the court to hold that the estate of Thomas G. Godwin was liable for the debt to the Bank of Fincastle. We shall remand this case with instructions to the Circuit Court to direct the accounts asked for in the answer of Ella G. and Robinson Whitten so that the two estates involved in this litigation may be separated. The court should then enquire more particularly into the circumstances attending the execution of the note in question, and the disposition that was made of its proceeds. If it was passed to the credit of M. M. Godwin and used in the purchase of any part of the estates in her possession at the time of her death, it is but proper that the bank should be allowed to appropriate to its debt whatever was purchased with its proceeds. Enquiry should also be made into the power of James Godwin to bind the estate of M. M. Godwin by a negotiable note. The power to make or endorse negotiable instru-

ments may be implied as a necessary incident of powers expressly conferred. Where an entire business is placed under the management of an agent, the authority of the agent is presumed to be commensurate with the necessities of the situation. He has implied authority to do whatever is ordinarily incidental to the conduct of such business, whatever is necessary to the efficient execution of the duties, or whatever is customary in a particular trade. For all contracts made within these limits the principal is liable, but not for contracts outside of these limits. Huffcut on Agency, sec. 107. It would be proper, therefore, to enquire in the light of the principles here announced, whether the agent had, under all the circumstances of the case, authority to bind his principal. If he had due authority, then, of course, the note executed by him will bind any estate belonging to M. M. Godwin, but if the note was not within the scope of this authority, then only the property purchased with its proceeds should be devoted to its payment.

The decrees appealed from should be reversed as to the appellants, Ella G. and Robinson Whitten, but remain in full force and effect as to the parties who did not appeal, and the cause remanded to the Circuit Court of Botetourt county to be proceeded with in accordance with this opinion.

*Reversed.*