(83 Misc. Rep. 675)

## In re ENGEL. (two cases).

### (Surrogate's Court, Kings County.  January, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 35*)—REMOVAL—GROUNDS—DEFENSE.

Where an executrix has been guilty of misconduct authorizing revocation of her letters under Code Civ. Proc. § 2685, subd. 2, the fact that her continuance in office can do no harm will not prevent revocation of her letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*]

2. EXECUTORS AND ADMINISTRATORS (§ 35*)—REMOVAL—GROUNDS—DEFENSE.

The fact that at the institution of a proceeding to revoke letters testamentary there is before the court the account of the executors sought to be removed, that they are amply responsible for the return of the money misappropriated, and that there is no necessity for their removal to protect the estate, will not preclude their removal as unfit for the due execution of their office, where they have been guilty of misconduct authorizing removal under Code Civ. Proc. § 2685, subd. 2.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*]

3. TRUSTS (§ 166*)—TRUSTEE—QUALIFICATIONS—REMOVAL.

While the fact that an executrix is abundantly able to respond for any default, and that such default may be liquidated on an accounting, will not preclude revocation of her letters testamentary for misconduct pursuant to Code Civ. Proc. § 2685, subd. 2, such circumstances may authorize permitting her to remain as trustee under the will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 217, 218; Dec. Dig. § 166.*]

Application was made by Henry Doscher and others to revoke the letters testamentary of Gesine Engel, as executrix of Claus Doscher, deceased, and for her removal as trustee under his will.  Gesine Engel and another thereafter applied to revoke the letters testamentary of said applicants as executors under the same will.  Decreed according to opinion.

See, also, 155 App. Div. 921, 140 N. Y. Supp. 1117.

Henry F. Cochrane, of Brooklyn, for petitioners on the first-named application and for the respondents on the last-named application.

Rambaut & Wilson, of New York City (Edward H. Wilson, of New York City, of counsel), for respondent on the first-named application and for the petitioners on the last-named application.

KETCHAM, S.  Four of the six children of the decedent are executors of his will and trustees thereunder.  Three of them, brothers, have brought a proceeding against the fourth, a sister, to have her letters revoked and to have her removed as trustee.  The accused and another sister holding no office under the will thereafter bring a proceeding against the executors for the revocation of their letters.  In the first-named proceeding the court, after trial, denied the application for revocation and removal upon the ground, stated in the findings, that a proceeding was pending in which all the executors, including the sister, were about to render their account for judicial settlement, that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the estate was in no peril by reason of any act of the accused executrix, and that the said accounting proceeding was adequate to protect the rights and equities of any of the parties interested.

Upon appeal, the decree denying the application for revocation and removal was reversed, upon a declaration of the law which is the guide for both matters now under advisement. Matter of Engel, 155 App. Div. 467, 140 N. Y. Supp. 286.

[1] There was a time when it was supposed that although an accused executor had been guilty of acts of the kind defined in subdivision 2 of section 2685 of the Code of Civil Procedure, revocation of letters need not follow if, despite such acts, the estate or fund could not suffer damage or loss from the continuance in office of the accused. In this belief there was an evident failure to perceive that in the inquiry as to whether an accused person was fit for the due execution of his office, the court had no right to regard the condition of the estate and the relations thereto of the accused. The objection available under the subdivision cited is not that the executor complained of has committed one or more of the acts therein reprobated. The only objection which it permits is that, by reason of having done the things therein described, the person is unfit for the due execution of his office. The misfortune of the notion, now corrected in Matter of Engel supra, lay in the delusion that, in determining whether a man was fit to do a given thing, the court might look at the nature and situation of the thing to be done, and that fitness for a given work might depend as much upon the kind of work it was as upon the kind of workman associated with it. These impressions are now known to have been heresies. In proceedings like these, it is error to look beyond the conduct of the respondent, and to mix up the question of his fitness for executorial duties by any consideration of what these duties may be. If an executor has made a fault within the classification contained in subdivision 2 of section 2685 of the Code of Civil Procedure, the fact that his continuance in office can do no harm is foreign and immaterial to the question of his fitness for the due execution of his remaining obligations.

In the prevailing opinion in Matter of Engel, supra, it is said of the statute on this subject:

"It is plain and unambiguous; it imposes the duty of revoking the letters when the surrogate is convinced of the truth of the allegations of the petition, except in the cases arising under the third, fourth, and fifth subdivisions of section 2685 of the Code of Civil Procedure."

That the surrogate, in becoming convinced as to the truth of the allegations of the petition, must exclude evidence of the condition of the estate, the stage of its administration, the inability of the respondent to do it harm, and every other element tending to show that it is the kind of an estate which such a person as the accused is fit to have in charge, not only appears generally, but is clearly defined in the opinion from which the last quotation is taken. There the court, speaking of findings which set forth the pendency of the proceeding in which the respondent was about to account, the lack of danger to the estate from her acts and the adequacy of the accounting proceeding to preserve all the rights of the parties concerned, says:

"Indeed, the so-called findings of fact made by the learned surrogate have practically no bearing upon the issues tendered by the petition."

By the rule thus affirmed the executrix respondent in the first proceeding must forfeit her letters testamentary.

[2] By the same standard her associates, the three executors of whom she complains, must be judged, and their letters must be revoked. They have wasted the moneys of the estate in their hands, and have improperly applied the same by taking them to their own use. Under their personal retainer counsel of their own selection rendered service to them. This service pertains solely to the duties which the executors bore to the estate, but none the less it was rendered to the executors personally. It created only a personal obligation on their part. Its payment could not be lawfully made to the counsel from the funds of the estate. The three executors paid for this service the sum of $30,-000 from moneys which were of the estate, and which were in their hands solely as executors. This was an improper application within the terms of the statute. Their act has not imperiled the estate. There is now before the court, soon to be adjusted, the account of these executors, and they are amply responsible for the return of any part of the item in question which may be disallowed. There is no necessity for their removal, so far as the safety of the estate need be regarded. But none of these things can move the court. It is the law that they "have practically no bearing upon the issues tendered by the petition."

Counsel for the executors, in his brief, states with perfect accuracy that his clients would, in the absence of misconduct, be entitled among them to $90,000 commissions from this estate, and argues therefrom as follows:

"Thus for this misconduct [the payment of the $30,000] they are to be removed when the estate had more in its treasury by three times to which these respondents were entitled than the amount of the payment which, if improperly made, could be the basis of surcharging them."

This suggestion is forbidden by the ruling which the executors have obtained against their sister through a denial of the like argument when made in her behalf. They are unfit for the due execution of the duties of their office, since their fitness or unfitness in no wise depends upon whether or not their continuance in office endangers the estate in their charge.

[3] But the law which thus deals with them and their sister looks with benignity upon their right to remain as trustees under the will of which they can no longer remain executors. The same circumstances which have nothing to do with her fitness for the executorship are of controlling force to demonstrate her fitness for the trust.

With respect to the removal of trustees upon proof of misconduct, it is said by the court above, in Matter of Engel, supra:

"In such a case the usual practice would prevail, no doubt, and the Surrogate's Court would be justified in exercising a sound judicial discretion in determining whether there should be a removal of a testamentary trustee"

—and it is well settled, and was recognized in the opinion of the court above, that in cases of trustees the usual practice ordains that, even

where violation of duty or breach of trust appears, removal may be denied if the fund is in no danger of being lost.

The finding will be that the executrix is as good a trustee of the funds bequeathed to her and her associates in the trust as if she had not been subjected to the criticisms for which she loses her office as executrix. She is not unfit for the due execution of her trust, and her fitness for continuance therein will be based upon the further finding that she is abundantly able to respond for any default, and such default may be liquidated upon her pending account.

There has been no attempt in the foregoing discussion to enumerate the acts which seem to constitute misconduct. In their proposed decision, the parties may set forth such matter of accusation, not specifically considered in this opinion, as may seem to them to be justified. They may also present decrees in accordance with this memorandum.

Decreed accordingly.