(165 App. Div. 193)

### In re DOSCHER et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 96*)—CONTRACTS.

> An executor cannot bind the estate by his executory contract, made upon a new and independent consideration.
>
> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 410, 412, 413, 417, 418; Dec. Dig. § 96.*]

2. EXECUTORS AND ADMINISTRATORS (§ 35*)—REMOVAL—GROUNDS FOR—"WASTE OR IMPROPER APPLICATION."

> In view of new section 2692 of the Code of Civil Procedure, authorizing an administrator to pay counsel fees, etc., before allowed, an executor, who paid counsel fees before his accounts were allowed, cannot, where the fees were reasonable and the executor individually was entitled to a sum greatly in excess of the fees, be removed under old section 2685, subd. 2, as having waste or improperly applied the assets in his hands; for the expression "waste or improper application" means a squandering or misapplication of funds so that they are lost, and the estate would ultimately be liable for the counsel fees, though not bound by the executor's contracts.
>
> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the application to revoke the letters testamentary of Henry Doscher and others, as executors of the estate of Claus Doscher, deceased. From an order revoking the letters, the executors appeal. Reversed and remitted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Henry F. Cochrane, of Brooklyn, for appellants.

JENKS, P. J. As we read the record, the learned surrogate felt constrained to revocation by the isolated fact that the executors had paid out of estate funds for legal services rendered in the administration of the estate. The surrogate found that such payments were made for legal services necessarily rendered for the administration of the estate. There is no finding that the amount thereof was excessive, and his opinion indicates that when the payments were made there was in the treasury of the estate thrice the sum of such payments standing to the credit of the individuals personally who are the executors. As the revocation is avowedly upon the proposition that the executors "wasted the moneys of the estate in their hands and have improperly applied the same by taking them to their own use," the basis of such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

revocation must be subdivision 2 of section 2685 of the Code of Civil Procedure.

[1, 2] We are of opinion that these acts of the executors, when considered with the circumstances at the time of the decree, were not within the purview of the words of the said statute, "having wasted or improperly applied the money or other assets in his hands." It is well settled that an executor cannot bind the estate by his executory contract made upon a new and independent consideration. The reasons for the rule need not be stated here. It is said by Cullen, C. J., writing for the court in O'Brien v. Jackson, 167 N. Y. 31–33, 60 N. E. 238, that the reason is well stated by Hunt, C. J., in Ferrin v. Myrick, 41 N. Y. 315. But as it is not the theory of the law that the executor personally should pay for services which are for the benefit of the estate, therefore any expenditure by him under such contract for this kind of service is regarded as his discharge of a personal obligation only until the expenditure is allowed upon judicial settlement of his account. Dodd v. Anderson, 197 N. Y. 473, 90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738; Matter of Ordway, 196 N. Y. 95–98, 89 N. E. 474. If, then, an executor pay for the services out of the estate funds before such settlement, he but pays prematurely out of the fund appropriate therefor, provided the services and the payment therefor receive judicial approval. And the penalty is that, if such payment is not approved as an estate charge, in either that the services were not required or that the fee was excessive, disallowance, whole or partial, follows, and with it the personal obligation of the executor to reimburse the estate.

We can conceive that there could be either payment made ostensibly for legal services, or payment for legal services made in such amounts as on *its face* would indicate waste or improper application of estate moneys, or which, taken into consideration with surrounding circumstances, might so indicate. But the case at bar is not within that category, for, as we have said, there is a finding that the services were necessary, there is no finding (and, indeed, no suggestion) that the amounts paid were excessive, and there was three times the amount in the estate treasury to the individual credit of the executors, applicable in the event of disallowance or of reduction upon judicial settlement.

We think that the words "waste or improper application," as employed in the statute, mean a "squandering or misapplication" of funds of the estate, whereby the estate is "lost" or "diminished in value." Ayers v. Lawrence, 59 N. Y. 192–197. And we think that the idea of "improperly applied" is like unto that of waste." Indeed, in the definition of "waste" just quoted from Allen, J., in Ayers v. Lawrence, supra, it is seen that he defines "waste" as "misapplication." The action of the executors in this instance is aptly described in Shaffer v. Bacon, 35 App. Div. 248, 54 N. Y. Supp. 796, affirmed 161 N. Y. 635, 57 N. E. 1124, when the defendants were retained and rendered legal services:

"But while theoretically the estates of deceased persons are administered upon the principle, asserted in many cases of which those above cited are

types, that the executor or administrator shall personally advance the necessary expense of administration in reliance upon the final decree of the surrogate for reimbursement, yet it is well known that no administrator or executor does in fact thus execute his trust. On the contrary, he pays all necessary expenses of administration out of the trust funds, if he happens to have sufficient on hand for that purpose, with the understanding that if for any reason, upon the final settlement of his accounts, any item of expenditure thus made shall be disallowed by the surrogate, he will be required to reimburse the estate therefor. Indeed, it would be impossible in many cases to secure the services of a competent administrator, if he were compelled to personally advance the necessary expenses of administration. Nor is it difficult to imagine circumstances in which the rigid enforcement of such a rule would prove exceedingly prejudicial to the estate; and it is probably in recognition of this latter fact that the tendency of the more recent adjudications is in the direction of a relaxation of the rule. We apprehend, therefore, that the real principle which should govern in cases where the executor is required to expend money in the proper administration of the estate which he represents is that he 'may disburse and use the funds of the estate for purposes authorized by law, but he may not bind the estate by any executory contract, and thus create a liability not founded upon a contract or obligation of the testator.' Austin v. Munro, supra [47 N. Y. 360]. Or that, in other words, the necessary expenses of administering an estate may be regarded as a charge upon, although not a debt against, the estate. Fitzhugh v. Fitzhugh, 11 Grat. [Va.] 300 [62 Am. Dec. 653]. If this rule is adopted, as we think it should be in the present case, it only remains to determine what are proper and necessary expenses of administration."

See, also, Matter of Smith, 111 App. Div. 23, 30, 97 N. Y. Supp. 171.

I note that section 2692 of the Code of Civil Procedure, which is new, now specifically authorizes as proper procedure this custom, which the bar well knows has been constantly followed in the administration of estates without judicial interference or criticism whenever the payment has been but essentially premature.

We think that the decision in Matter of Engel, 155 App. Div. 467, 140 N. Y. Supp. 286, is neither precedent nor authority for the case at bar. In that case this court thought that it was not essential to revocation of Mrs. Engel's letters that there must be danger of the fund or estate being lost, if the record clearly established that she had been guilty of conduct which rendered her unfit for the discharge of the duties of the office of an executor, in that she appeared to have practically abandoned its duties and to have turned them over to her husband, who had intruded himself from the very first in the affairs which the testator had expressly confided to his executors. I quote practically the language of Woodward, J., in that case.

I advise that the decree be reversed, and the matter be remitted to the Surrogate's Court for procedure in accord with the opinion, but without costs. All concur.