## UNITED STATES v. WILLCOX.
### No. 3691.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1934.

Lester L. Gibson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Sterling Hutcheson, U. S. Atty., and H. H. Holt, Jr., Asst. U. S. Atty., both of Norfolk, Va., on the brief), for the United States.

T. D. Savage, of Norfolk, Va. (Willcox, Cooke & Willcox and Savage & Lawrence, all of Norfolk, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This appeal involves estate tax paid by the executor of the estate of Thomas H. Willcox, deceased, in the amount of $12,056.90 principal, and interest, for which judgment was entered in favor of the executor, in the District Court of the United States for the Eastern District of Virginia, in January, 1934.

The facts as found by the court below are as follows:

Appellee is executor of the estate of his father, Thomas H. Willcox, deceased, a resident of Norfolk, Va., who died testate on February 2, 1926. Under the terms of his will decedent empowered his executors to make sale of any and all of his estate which might be necessary to pay inheritance taxes, debts, or legacies, and to join with any persons who might be joint owners in the sale of any real estate which they might desire to sell. The appellee included in the gross estate of decedent, subject to federal estate tax, real estate situated in the state of Virginia, at a valuation, for taxation purposes, of $438,387.-64. At the time of the death of Thomas H. Willcox, sufficient personal property was available to pay all the debts and the expenses of administration of the estate. The portion of the taxes paid applicable to the real estate was $12,056.90. The executor brought this action against the United States to recover this sum.

The court below held that said real estate was not, at the time of decedent's death, subject to the payment of the expenses of the administration of the estate.

The Revenue Act of 1924, c. 234, 43 Stat. 253, 304, provides as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate." 26 USCA § 1094 note.

The sole question presented here is whether under the Virginia statute the real estate of a decedent "is subject to the payment of the charges against his estate and the expenses of its administration."

The Virginia statute involved is section 5395, Code 1930, which reads as follows: "§ 5395. Real estate of decedent to be assets for payment of debts in same order as personal estate.—All real estate of any person who may hereafter die, as to which he may die intestate, or which, though he die testate, shall not by his will be charged with or devised subject to the payment of his debts, or which may remain after satisfying the debts with which it may be so charged or subject to which it may be so devised, shall be assets for the payment of the decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied."

In construing section 402 of the Revenue Act of 1918, which is identical with section 302 of the Revenue Act of 1924, the Supreme Court held in Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 50, 75 L. Ed. 156, that in order for any property of a decedent to be included in the value of his estate for federal estate tax purposes the interest of decedent must not only be subject to the payment of the charges against his estate and subject to distribution as a part of the estate, but must also be subject to the payment of the expenses of its administration. A Missouri statute was involved, and the court said: "Nor will it do to say that the words, 'charges against his estate,' include expenses of administration, for plainly they are different and distinct things, generally so classified in the settlement of estates of decedents * * *."

Where the Revenue Act uses the words "charges against his estate" the Virginia statute uses the words "all lawful demands against his estate." It seems to us that the Revenue Act and Virginia statutes are in effect the same and that the principle applied to the Revenue Act by the Supreme Court applies with equal or even greater force to the Virginia statute. Both statutes undoubtedly mean charges or lawful demands against the decedent and not those incurred as expenses in the administration of the estate.

At common law the real estate of the decedent is not subject to the payment of the expenses of the administration of his estate. Crooks v. Harrelson, supra.

Virginia is a common-law state and the same rule obtains in that state, unless changed by statute.

Beginning with the earlier decisions, the highest court in Virginia has consistently held that expenses of administration and obligations incurred by the executor are not chargeable to the real estate but are charges against the executor. Street's Heirs v. Street, 11 Leigh (Va.) 498; Gaw v. Huffman, 12 Grat. (Va.) 628; Fitzhugh's Ex'rs v. Fitzhugh, 11 Grat. (Va.) 300; Whitten v. Bank of Fincastle, 100 Va. 546, 42 S. E. 309; Catron v. Bostic, 123 Va. 355, 96 S. E. 845; Peirce v. Graham, 85 Va. 227, 7 S. E. 189; Bruce v. Farrar, 156 Va. 542, 158 S. E. 856, 860, 75 A. L. R. 872.

In Fitzhugh's Ex'rs v. Fitzhugh, supra, the court said: "I think we are well justified in regarding it as settled that such expenses constitute no exception to the general rule, which charges the executor in his individual and not in his representative character, for claims against the estate originating since the death of the decedent. Be this as it may, the authorities seem to be almost uniform in holding that all other services rendered for the estate after the death of the testator charge the executor, if at all, personally."

In Catron v. Bostic, supra, it was held that an administrator could not prosecute a suit to subject the real estate to administration but that such a right was vested in the creditors only. In the very recent case of Bruce v. Farrar, supra, the court held to the same effect, saying: "In Virginia, the whole personal estate goes into the hands of an administrator and nothing passes to the distributees unless and until all debts of the decedent have been paid and the cost of administration; then, if there is a surplus, it is divided among the same persons, and in the same proportions, as real estate. The real estate descends directly to the heirs in parcenary at the moment of the death of the ancestor, but subject to the contingency that if personal assets are not sufficient for the payment of debts, creditors may bring a suit in equity for a sale of so much of the real estate as may be necessary for that purpose."

See, also, Lile's Notes to Third Minor's Institutes, 52. C. J. vol. 24, pp. 313 and 549; A. & E. Enc. of Law, vol. 8, p. 1036.

An examination of the Virginia authorities relied upon by appellant does not change our opinion as to the consistent holding of the Virginia courts on this point.

A similar question to the one here involved was passed on by this court in Tait v. Safe Deposit & Trust Co. of Baltimore, 70 F. (2d) 79, where we held that under the Maryland statute real estate was not properly included for estate tax purposes, and we think that the Virginia statute is similar, in its effect on the question here involved, to the Maryland statute.

Decisions relied upon on behalf of the appellant construe state statutes different from that of Virginia.

The judgment of the court below is affirmed.