286

## McFADDIN et al. v. UNITED STATES.
### No. 42516.

Court of Claims.

March 4, 1935.

Rolla D. Campbell, of Huntington, W. Va., for plaintiff.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit for the recovery of certain estate taxes paid on the estate of James F. Caldwell who died testate October 18, 1923. At the time of his death, the decedent was a resident of West Virginia and owned real estate therein of a value of $659,017. The Commissioner included the real estate at that value in decedent's gross estate and determined an estate tax to be due thereon, which the plaintiffs paid. Later, the plaintiffs duly filed a claim for refund, which the Commissioner rejected, and thereafter plaintiffs seasonably filed this suit, alleging that the tax as paid by them was excessive for the reason that under the provision of section 402 (a) of the Revenue Act of 1921 (42 Stat. 278), real estate situated in West Virginia is not to be included in the gross estate of a decedent for estate tax purpose. Defendant demurred to plaintiffs' petition, and accordingly the facts are admitted for the purposes of this suit.

The governing statute (section 402 (a), Revenue Act 1921) reads as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

In Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, the Supreme Court in construing section 402 of the Revenue Act of 1918 (40 Stat. 1097), which is identical with the section quoted above, held, following United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461, that the three phrases set out in the statute as governing the inclusion of real estate in the gross estate must be treated conjunctively, that is, the three conditions must be satisfied before a given piece of real estate can be brought within the terms of the statute. The Harrelson Case involved real estate situate in Missouri, and the court held that, since under the laws of that state real estate was not subject to the payment of expenses of administration, it could not be included in the gross estate of a decedent for estate tax purposes. The case at bar differs from the Harrelson Case only in that West Virginia real estate, instead of Missouri real estate, is involved. The sole issue for decision is whether, under the laws of West Virginia, real estate is subject to the payment of expenses of administration of a decedent's estate.

At common law, the real estate of the decedent is not subject to the payment of the expenses of the administration of his estate. Crooks v. Harrelson, supra. West Virginia is a common-law state. Unless West Virginia has modified the common law by statute, the common-law rule still prevails. Article 8, section 21, of the Constitution of West Virginia, and chapter 13, section 5, of the Code of West Virginia (1923).

Defendant concedes that a statute in so many words embodying such a change does not exist, but insists that section 3, chapter 86, of the West Virginia Code 1923, when properly construed, must be considered to accomplish such a departure from the common law. That section reads as follows: "All real estate of any person who may hereafter die, as to which he may die intestate, or which, though he die intestate, shall not by his will be charged with or devised subject to the payment of his debts, or which may remain after satisfying the debts with which it may be so charged, or subject to which it may be so devised, shall be assets for the payment of the decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied."

The position of the defendant is that the phrase "all lawful demands against his estate" includes administration expenses, and therefore it must be said that real estate in West Virginia is subject to the payment of such expenses. We cannot accede to this proposition. Much of the West Virginia law is derived from Virginia, from which it was separated in 1863, many of the existing laws being adopted when it became a state. The section in question is identical with a section of the Virginia statute now appearing as section 5395, Code Va. 1930. An examination of the development of the Virginia statutes shows that the provision making real estate liable for "all lawful demands against his [decedent's] estate" first appeared therein in connection with certain revisions which were made in 1849. Code Va. 1849, c. 131, § 3. In making such addition, we find no reference to an enlargement of the common-law rule to make real estate liable for expenses which might be incurred by the decedent's personal representative in the administration of his estate, but rather the expressed purpose was to make such property liable for obligations incurred by the decedent in his lifetime for which the personal representative could be sued. Nor do we find any subsequent expressed intent of a different nature, either in connection with various related changes of the Virginia statute or in the adoption of the present statute in West Virginia. A

change of so marked nature as contended for by defendant should not be spelled out of the general language used when another and different purpose was sought to be accomplished, unless the language used makes necessary such an interpretation. We find no decision by the Virginia or West Virginia courts directly in point, though various cases on closely analogous questions tend to support the view that the words "all lawful demands" do not refer to demands which the personal representative might make against the real estate for the payment of administration expenses. Peirce v. Graham, 85 Va. 227, 7 S. E. 189 (1888); Daingerfield v. Smith, 83 Va. 81, 1 S. E. 599 (1887); Fitzhugh's Ex'r v. Fitzhugh, 11 Grat. (52 Va.) 300, 62 Am. Dec. 653 (1854); Knotts v. McGregor, 47 W. Va. 566, 35 S. E. 899; Whitten v. Bank of Fincastle, 100 Va. 546, 42 S. E. 309. (1902).

The only case cited by the defendant from Virginia or West Virginia courts in support of its position is that of Nimmo's Executor v. Commonwealth, 14 Va. (4 Hen. & M.) 57, 4 Am. Dec. 488 (1809), but that was not only decided long before the statute in question was enacted, but also, when read in connection with the particular facts on which it was based, does not support the defendant's contention. In a recent case decided by the Circuit Court of Appeals for the Fourth Circuit (United States v. Willcox, Executor, 73 F.(2d) 781, decided November 19, 1934), which differed from the case at bar only in that Virginia, instead of West Virginia, real estate was involved, but which had for consideration a section of the Virginia statute identical with that here presented, the court held that the words "all lawful demands against his estate" had reference to demands which had arisen against the decedent and not to expenses incurred in the administration of the decedent's estate, and that accordingly real estate in Virginia could not be included in the gross estate for estate tax purposes. Cf. also Tait v. Safe Deposit & Trust Co. (C. C. A.) 70 F.(2d) 79, holding that Maryland real estate should be excluded. A like conclusion is necessary in this case.

The demurrer is overruled.