## McFADDIN et al. v. UNITED STATES.
### No. 42516.

Court of Claims.
March 2, 1936.

See, also, 10 F.Supp. 286.

Rolla D. Campbell, of Huntington, W. Va., for plaintiffs.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiffs, executors of the estate of James L. Caldwell, deceased, seek recovery of $82,134.22, with interest thereon, alleged to have been overpaid by them on account of federal estate taxes imposed and collected under section 402 (a) of the Revenue Act of 1921 (42 Stat. 227, 278), which reads:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

The facts disclose that James L. Caldwell, a resident and citizen of the state of West Virginia, died on October 18, 1923, leaving a last will and testament which was duly admitted to probate by the county court of Cabell county, W. Va., on November 12, 1923; that the executors of the estate on October 18, 1924, prepared and filed an estate tax return under the provisions of the Revenue Act of 1921; that the return as filed by the executors disclosed a net estate for the purposes of the estate tax of $2,356,610.88 upon which valuation an estate tax amounting to $211,425.52 was shown to be due and was subsequently paid by the executors; that the Commissioner of Internal Revenue upon audit of the said estate tax return determined the net value of the estate for the purposes of the estate tax was $2,749,333.45, which determination resulted in an additional assessment of $54,981.16, which amount was also paid by the executors; that in his final determination of the estate tax liability the Commissioner of Internal Revenue included in the gross estate real estate of the value of $659,017, located within the state of West Virginia, owned by the decedent at the time of his death; that the value of the widow's dower rights in said real estate as computed under the laws of West Virginia was $72,344; and that, upon the remaining value of the said real estate, to wit, $586,673, an estate tax of $82,134.22 was imposed and collected.

It is conceded that the value of the widow's dower in the real estate was properly included in the gross estate. The only issue in the case is whether the remaining value of the said real estate was properly included in the gross estate of decedent for the purposes of determining the estate tax liability.

Section 402 (a) of the Revenue Act of 1921 (42 Stat. 278) is identical with section 402 (a) of the Revenue Act of 1918 (40 Stat. 1097). The Supreme Court in Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 50, 75 L.Ed. 156, in construing the meaning of this provision, said: "The meaning of the provision in question, considered by itself, does not seem to us to be doubtful. The value of the interest of the decedent is not to be included unless it 'is subject to the payment of the charges against his estate and the expenses of its administration'—not one or the other, but both."

The question presented in Crooks v. Harrelson was whether under the laws of Missouri the real estate of the testator was, after his death, subject to the payment of the charges against his estate and expenses of its administration and to distribution as a part of his estate. We are here dealing with the law of the state of West Virginia, and the identical question is presented. The applicable provisions of the statutes of West Virginia (Barnes' Code, Ann. 1923) are:

Chapter 85. "§ 25. *Priorities of Claims.*—

"Where the assets of the decedent in the hands of his personal representative, after the payment of funeral expenses and charges of administration, are not sufficient for the satisfaction of all demands against him, they shall be applied, (1) to debts due the United States; (2) taxes and levies assessed upon the decedent previous to his death; (3) debts due as personal representative, guardian, or committee, where the qualification was in this state, in which debts shall be included a debt for money received by a husband acting as

such fiduciary in right of his wife; (4) all other demands ratably, except those in the next class; (5) voluntary obligations."

Chapter 86. "§ 3. *Liability of Estate for Debts.*—

"All real estate of any person who may hereafter die, as to which he may die intestate, or which, though he die testate, shall not by his will be charged with or devised subject to the payment of his debts, or which may remain after satisfying the debts with which it may be so charged, or subject to which it may be so devised, shall be assets for the payment of the decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied."

In considering the defendant's demurrer to the original petition, the court in Ida Caldwell McFaddin et al., Executors of the Estate of James L. Caldwell, Deceased, v. United States, 10 F.Supp. 286, 287, 80 Ct.Cl. 794, passed directly on the issue presented, and held that under section 3, chapter 86, of the West Virginia statutes, the real estate of a testator, after his death, is not subject to the payment of the charges against his estate and the expenses of its administration, and that the value of the real estate involved could not be included in the gross estate for estate tax purposes under section 402 (a) of the Revenue Act of 1921. After a review of the facts and the applicable rules of law, we said: "In a recent case decided by the Circuit Court of Appeals for the Fourth Circuit (United States v. Willcox, Executor, 73 F.(2d) 781, decided November 19, 1934), which differed from the case at bar only in that Virginia, instead of West Virginia, real estate was involved, but which had for consideration a section of the Virginia statute identical with that here presented, the court held that the words 'all lawful demands against his estate' had reference to demands which had arisen against the decedent and not to expenses incurred in the administration of the decedent's estate, and that accordingly real estate in Virginia could not be included in the gross estate for estate tax purposes. Cf. also Tait v. Safe Deposit & Trust Co. (C.C.A.) 70 F.(2d) 79, holding that Maryland real estate should be excluded. A like conclusion is necessary in this case."

No new issue, either of fact or law, is presented in the amended petition now before us, and the parties have submitted the case on the briefs and arguments heretofore presented when the case was considered on demurrer. We adhere to the views expressed in our opinion overruling the demurrer, and hold that plaintiffs are entitled to recover. Judgment will be awarded plaintiffs for $82,134.22, with interest as provided by law. It is so ordered.