## DHA, INC., т/а EASTERN TIMBER PRODUCTS

### V.

### FAY E. LEYDIG

Record No. 821952

March 7, 1986

Present: All the Justices

*Victor F. Rinaldi (Cowles, Rinaldi & Arnold, Ltd.*, on briefs), for appellant.

*William T. Freyvogel (Adams, Porter and Radigan,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

DHA, Inc., T/A Eastern Timber Products sued Fay E. Leydig for breach of contract. At the end of plaintiff's case, the trial court struck plaintiff's evidence on a ground not asserted by defendant and not placed in issue by the pleadings. In our opinion, there was sufficient evidence to require defendant to present his case. Therefore, we will reverse.

According to the agreed statement of facts, one Peter B. Arnold was, at all pertinent times, the general manager of Eastern Timber Products (ETP), an unincorporated division of DHA, Inc. As such, he was ETP's sole administrative and managerial employee; he conducted all of ETP's operations.

ETP's business was the purchase and resale of pressure-treated lumber, 90% of which was used railroad ties. It was Arnold's duty to buy and sell the used railroad ties. Arnold spent approximately 80% of his time locating sources of supply and negotiating contracts for the purchase of the ties. He personally negotiated 18 to 20 such contracts prior to the one in dispute. On August 25, 1979, Arnold signed a written memorandum with Fay E. Leydig, in connection with the purchase of certain railroad ties located in Pennsylvania.

At the conclusion of plaintiff's case, the defendant moved to strike on two grounds: First, that plaintiff failed to show any liability on the part of Leydig individually, and second, that plaintiff failed to establish a breach of contract. The trial court rejected both grounds; it ruled that plaintiff had established a prima facie case of breach of contract against Leydig.

However, despite this ruling, the trial court struck plaintiff's evidence on the ground that plaintiff failed to prove that Arnold was authorized to make a contract on behalf of DHA. This ruling was error.

Granting a motion to strike at the end of plaintiff's case, if done erroneously, can lead to a substantial waste of judicial resources — a consequence to be avoided. *See Brown* v. *Koulizakis,* 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985). This is particularly true in a situation where the motion to strike was granted on a ground raised by the court *sua sponte.*

■ To guard against the waste that can be occasioned by granting a motion to strike at the end of plaintiff's evidence, this Court has developed rules that govern the way in which a trial court must view plaintiff's evidence when considering such a motion. In *Williams* v. *Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973), we wrote as follows on the subject:

> When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion *only when "it is conclusively apparent that plaintiff has proven no cause of action against defendant"*, *Leath* v. *Richmond, F. & P. R.R.*, 162 Va. 705, 710, 174 S.E. 678, 680 (1934), or when "it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it." *Green* v. *Smith*, 153 Va. 675, 679, 151 S.E. 282, 283 (1930).

(Emphasis added.) In our opinion, plaintiff's evidence was not viewed in the proper fashion.

■ Here, the evidence was sufficient to establish Arnold's implied authority to contract on behalf of ETP. It has been well settled in Virginia for a great number of years that

> [w]here an entire business is placed under the management of an agent, the authority of the agent is presumed to be commensurate with the necessities of the situation. He has implied authority to do whatever is ordinarily incidental to the conduct of such business, whatever is necessary to the efficient execution of the duties, or whatever is customary in a particular trade. For all contracts made within these limits the principal is liable. . . .

*Whitten* v. *Bank of Fincastle*, 100 Va. 546, 551, 42 S.E. 309, 310 (1902). Arnold was the sole operating officer of ETP. The business of ETP was to make contracts to buy and sell railroad ties. If Arnold could not make such contracts, then the business could not function.

■ Leydig suggests that he could not tell whether Arnold contracted for himself or on behalf of a business entity. It is plain to us, however, that Arnold did not sign the contract for himself. He

is nowhere mentioned in the contract. He is not required by the contract to do or refrain from doing anything. By contrast, the contract makes repeated references to ETP, describing benefits and burdens, duties and obligations running to and from ETP.

Because there was sufficient evidence of Arnold's implied authority to make the contract in question, the motion to strike should have been denied. We will, therefore, reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*