## CIRCUIT COURT OF THE CITY OF ROANOKE

David E. Cooper

v.

Woodson Pontiac, Inc., et al.

July 26, 1988

Case No. CL86000857

By JUDGE CLIFFORD R. WECKSTEIN

This case was tried to a jury on April 19, 1988. Much to the defendants' dismay and discomfort, the Court allowed the jury to consider whether fraud had been proven, and whether punitive damages would lie. In doing so, this Court followed the guidance strongly given by the Virginia Supreme Court in *Brown v. Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440 (1985):

> When the sufficiency of a plaintiff's evidence is challenged upon a motion to strike the evidence . . . the trial court should in every case overrule the motion where there is any doubt on the question. "The use of this motion as a means to defeat plaintiff's action should be confined and applied only to those cases in which it is conclusively apparent that plaintiff has proven no cause of action against defendant."
>
> Adherence to these settled rules avoids the delay and expense to the parties when a plaintiff is successful on appeal and a new trial is required. If the court overrules the motion to strike, submits the case to the jury

and a plaintiff's verdict is returned, the court may set the verdict aside as being contrary to the evidence or without evidence to support it. If this Court reaches a different conclusion upon appeal, the record includes the verdict and we can enter final judgment, thus ending the case.

(Citations omitted). *See also DHA, Inc. v. Leydig,* 231 Va. 138, 340 S.E.2d 831 (1986).

Following the return of jury verdicts the defendants made three alternative written motions, asking:

1. That the Court set aside the jury verdict of $10,000.00 in punitive damages against defendant Woodson Pontiac, Inc., and also set aside the verdict of $954.00 in compensatory damages against Woodson; or

2. That the Court set aside the punitive damage award against Woodson and remit the compensatory damage award against Woodson to $800.00; or

3. That the Court grant all defendants a new trial on liability and damages.

The parties have filed written memoranda supporting and opposing these motions, and have asked the Court to decide the motions based upon these written memoranda, and the law and the evidence, without oral argument. A transcript of the trial testimony has been filed.

Upon review of the evidence, the memoranda, and the cited authorities, I am of the opinion that the punitive damage award must be set aside, and that the compensatory damage award against Woodson must be reduced to $800.00.

The Court grants the motion to set aside the punitive damage award for all of the reasons set forth by the defendants in their written memoranda. Without recapitulating all of the arguments made by the defendants, which the Court has adopted as the rationale for its decision, I note, in particular, two reasons that the punitive damage award must be set aside:

First, the instructions given in this case constitute the law of the case. Instruction 19 was given without objection by either party (other than the defendants' general objection to giving any instructions because, the defendants contended, no issues should be submitted to the jury). Instruction 19 told the jurors, in pertinent

part, "that where *only* a breach of contract . . . is shown, nominal damages may be recovered." (Emphasis added.) The jury returned verdicts against defendants Lewis and McCauley for nominal damages, only. On the facts of this case, and under the instructions, defendant Woodson is liable in damages, if at all, only because of acts or omissions by its agents and employees, Lewis and McCauley. The jury has found, by its verdict against Lewis and McCauley, that only breach of contract was proven by the plaintiffs. Since punitive damages cannot lie for breach of contract in the absence of the proof of an independent tort, *see Kamlar Corporation v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), and since the Lewis and McCauley verdicts demonstrate that the plaintiff failed to prove the independent tort of fraud to the jury's satisfaction, the punitive damage award cannot stand.

Second, having reviewed the transcript of the trial testimony, I am of the opinion that the evidence in this case "is inadequate to qualify as the clear, cogent, and convincing proof required to establish an action for fraud and deceit." *Patrick v. Summers*, 235 Va. ---, 369 S.E.2d 162 (Record No. 850616, June 10, 1988). *See* Code Section 8.01-430.

The plaintiff, in his written memorandum, has agreed that the compensatory damage award against Woodson Pontiac must be reduced to the amount of his *ad damnum*. Thus, there need not be any further discussion of the reduction of the amount of that compensatory damage verdict. I am satisfied that the evidence is sufficient to support a compensatory damage award against Woodson, in the amount sued for, $800.00. This remittitur is without protest. *See* Code § 8.01-383.1. The written post-trial motions and memoranda do not ask that the verdicts against defendants Lewis and McCauley be set aside, and I thus assume that any oral motions to that effect have been waived. *Cf. Chesapeake and Potomac Telephone Company v. Sisson and Ryan, Inc.*, 234 Va. 492, 507, --- S.E.2d --- (1987). Unless the parties agree on payment in lieu of the entry of judgment, the order to be prepared will enter judgment on the jury's verdicts against Lewis and McCauley; will enter judgment on the remitted compensatory damage award against Woodson; and will set aside the punitive damage award against Woodson. Code § 8.01-430.