## COMMISSIONER OF INTERNAL REVENUE v. EMERY.

## GRISWOLD v. COMMISSIONER OF INTER-NAL REVENUE.

### Nos. 4699, 4719.

Circuit Court of Appeals, Seventh Circuit.

Nov. 26, 1932.

Rehearing Denied Jan. 28, 1933.

In No. 4699:

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Dwight H. Green, of Chicago, Ill., of counsel), for petitioner.

Robert L. Floyd, Andrew Mitchell, and Charles S. Williston, all of Chicago, Ill., for respondent.

In No. 4719:

Darrell S. Boyd and Thomas L. Marshall, both of Chicago, Ill., Stiles W. Burr, of St. Paul, Minn., and Wm. N. Haddad, of Chicago, Ill., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank T. Horner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Dwight H. Green, of Chicago, Ill., of counsel), for respondent.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

ALSCHULER, Circuit Judge.

### No. 4699, re Emery.

Petitioner seeks review of an order of redetermination of a deficiency in the estate tax of John T. Emery, deceased.

Decedent, a resident of Illinois, died December 25, 1921. April 21, 1920, the Illinois real estate here in question, was deeded by the grantors to the decedent and Mary Allen Emery, his wife, "not in tenancy in common, but in joint tenancy." It does not appear that prior to the conveyance the wife had any title or ownership in the real estate, or that she made any contribution to its purchase.

It is not important whether the estate thus created be denominated a joint tenancy or a tenancy by the entirety; both are included in the taxing statute, and any distinction between them is not here material. For convenience we herein call it joint tenancy.

Respondent, the wife and executrix of decedent, included in her return of decedent's property for federal estate tax purposes one-

half of the total value of $65,000 of this real estate. Petitioner maintains that the entire value of the property was includable in the gross estate of decedent. The Board of Tax Appeals found against petitioner's contention, declining to require the other one-half to be included in the return. The only question is as to the correctness of the Board's conclusion.

Decedent's death occurred while the Revenue Act of 1921 (42 Stat. 227) was in force, and the Board held that one-half of the estate granted by the joint tenancy deed of 1920 having been, by the terms of that deed, vested in the joint tenant Mary Allen Emery, now to tax the vested estate under the Revenue Act of 1921 would be giving to that statute retroactive effect, which would be contrary to the holding of the Supreme Court in Knox v. McElligott, 258 U. S. 546, 42 S. Ct. 396, 66 L. Ed. 760.

This case dealt with a situation where the joint tenancy in husband and wife was created in 1912, at the time when there was no federal estate tax. The death of one of the joint tenants occurred in 1917, while the Revenue Act of 1916 (39 Stat. 756), creating an estate tax, was in force. This act provided:

"Sec. 201. That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the net estate, to be determined as provided in section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act, whether a resident or nonresident of the United States. * * *

"Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated: * * *

"(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent."

The Knox Case holds that to tax the entire joint estate as property of the decedent would be in effect taxing the half which before the act was passed had vested in the wife, and would be giving the 1916 act a retroactive effect, which would be unconstitutional, citing as basis for its opinion the decision in Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454, decided about the same time.

If the joint tenancy here in question had been created before the 1916 statute, we would have the same situation as in the Knox Case. When, however, the joint tenancy here was created there was in force the Revenue Act of 1918 (40 Stat. 1057), in which there were enacted [section 402 (d), 40 Stat. 1097] the same provisions respecting taxation of joint tenancies and estates by the entirety as provided in the 1916 act. If, therefore, the death had occurred while the 1918 act was in force, unquestionably the estate tax on the entire joint property, as fixed in the 1918 act, would have had application. In such case it could not be said that the estate was created and became vested without contemplation of the provisions of the statute, as pointed out in Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, and Phillips v. Dime Trust & S. D. Co., 284 U. S. 160, 52 S. Ct. 46, 76 L. Ed. 220.

But it happens that the provisions of the 1918 Revenue Law in this respect are identical with those of the Revenue Law of 1921. (section 402 (d), 42 Stat. 278). Can it in such case be said that this joint tenancy was created without regard to or without contemplation of the statutory provision for the levying of the estate tax upon the whole joint estate, when upon the death of one of the joint tenants the survivor succeeds to the entire estate?

It is well recognized in statutory construction that where the provisions of an existing statute are repeated and carried into the succeeding statute, rights and liabilities accruing under the former are preserved by the latter notwithstanding the latter makes provisions for repeal of the former without incorporating a saving clause. Pacific Mail Steamship Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805; Bear Lake & River Water Works & Irrig. Co. v. Garland, 164 U. S. 1, 11, 17 S. Ct. 7, 41 L. Ed. 327, et seq.; Goublin v. United States, 261 F. 5, 10 (C. C. A. 9), and cases and authority therein cited.

We see no reason why this principle is not here applicable. Some years before the estate in question was created the government had declared its policy of imposing such a tax, and at no time since has it receded from that policy. Declared by the 1916 act, it has ever since remained in substantially the same form, the acts of 1918 and 1921 not changing the policy but merely carrying it forward. The act of 1921 did not impose a new burden not contemplated at the time the estate

was created, as was the situation in the Knox Case.

In Klein v. United States, 283 U. S. 231, 51 S. Ct. 398, 399, 75 L. Ed. 996, arising under the 1918 act, the court recognized this principle, saying: "The provision of the Revenue Act of 1918, so far as it seeks to tax the transfer in question, is assailed as unconstitutional because, it is said, the transfer was complete and irrevocable before the act was passed. * * * But the deed under review, while made before the enactment of the Revenue Act of 1918, was made after the Act of 1916, * * * which, with an addition not pertinent here, contained (section 202) exactly the same provision; and the contention, for that reason, other grounds aside, is without merit."

In Milliken v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809, where the statute was being interpreted as applicable to a gift, as in the Klein Case, the court, after concluding that a tax is not necessarily and certainly arbitrary, and therefore not invalid because retroactively applied, said at page 22 of 283 U. S., 51 S. Ct. 324, 327, 75 L. Ed. 809: "Hence, in challenging the present tax it does not suffice to say that the gift antedated the statute [1918]. It is necessary to consider the nature of the tax and of the decedent's gift. When the gift was made, it was subject to the provisions of the 1916 Revenue Act. By it, Congress had adopted the well-understood system of taxation of transfers of property at death, already in force in forty-two states. * * * A characteristic feature of the system was that incorporated in sections 202 (b) of the 1916 Act and 402 (c) of the 1918 Act, both of which imposed a tax on gifts made in contemplation of death, computed at the same value and rate as though the property given had been a part of the donor's estate passing at death. * * * The present gift was subject to the excise when made; and for reasons already indicated, we think a mere increase in the tax, pursuant to a policy of which the donor was forewarned at the time he elected to exercise the privilege, did not change its character."

We conclude that the entire estate created by this transfer in joint tenancy was taxable, and the order of the Board of Tax Appeals is reversed, and the cause is remanded to the Board with direction to redetermine the tax accordingly.

### No. 4719, re Griswold et al.

In this case the facts are in all material respects like those in No. 4699, except that the joint tenancy (or tenancy by the en-

tirety) in the deceased and his wife was created in 1909. After the death in 1923 of the husband tenant, petitioners, as his executors, in their return for federal estate tax, did not include any of the value of this joint property which deceased in his lifetime thus held jointly with his surviving wife, to whom no part of the property ever originally belonged.

The Commissioner redetermined the tax on the basis that the entire value of the joint property was taxable. On appeal the Board of Tax Appeals determined that one-half was taxable, and both petitioner and Commissioner sought review. The latter appeal has since been dismissed on motion of the Commissioner.

Petitioners contend that this estate became fixed and vested in each of these joint tenants when the estate was created, at a time when there was no federal law for death taxes upon the value of joint estates, and that the subsequently adopted statute could not reach it.

While much of what was said in the Emery case has bearing here, this precise question was not there present. It seems to us that the holding of the Supreme Court in Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 358, 74 L. Ed. 991, 69 A. L. R. 758, is here controlling. Involved in that case were death taxes maturing on the value of joint estates passing to the survivor on the death of a joint cotenant or tenant by the entirety. The tenancies there were created during the time the taxing law was in force. Footnote [1] is an applicable quotation from the opinion.

[1] "Death duties rest upon the principle that death is the 'generating source' from which the authority to impose such taxes takes its being, and 'it is the power to transmit or the transmission or receipt of property by death which is the subject levied upon by all death duties.' Knowlton v. Moore, 178 U. S. 41, 56, 57, 20 S. Ct. 747, 44 L. Ed. 969. But mere names and definitions, however important as aids to understanding, do not conclude the lawmaker, who is free to ignore them and adopt his own. Karnuth v. United States, 279 U. S. 231, 242, 49 S. Ct. 274, 73 L. Ed. 677. A tax laid upon the happening of an event, as distinguished from its tangible fruits, is an indirect tax which Congress, in respect of some events not necessary now to be described more definitely, undoubtedly may impose. If the event is death and the result which is made the occasion of the tax is the bringing into being or the enlargement of property rights, and Congress chooses to treat the tax imposed upon that result as a death duty, even though, strictly, in the absence of an expression of the legislative will, it might not thus be denominated, there is nothing in the Constitution which stands in the way.

"The question here, then, is, not whether there has been, in the strict sense of that word, a 'transfer' of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for

594

This seems to us to fix as the basis, for inclusion for taxation, so much of the joint property as augmented the estate of the survivor through the death of the cotenant. It is our view that this must be determined as of the time of the death. If the law at that time authorized the taxation of the estate which passed by the death, it would be immaterial when the joint estate was first created—whether before or after the enactment of the taxing statute.[2]

If at the time of the death "the practical mind" would conclude "that the death of one of the tenants" did then "have the effect of passing to the survivor substantial rights, in respect of the property, theretofore never enjoyed by such survivor," it would follow that the death was "the generating source" of these accessions, and the taxing statute in force at the death would apply.

The Board, evidently assuming that for purposes of taxation the same practical mind would consider that half of the joint estate vested in the deceased at the time of its creation, fixed the value of the accession to the property rights of the surviving tenant through the death at half the value of the entire joint estate, and this appeal relates only to the inclusion of the half for taxation. There is no question here as to the taxability of the other half.

We conclude that the order of the Board of Tax Appeals must be, and it is, affirmed.

---

the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights.

"According to the amiable fiction of the common law, adhered to in Pennsylvania and Maryland, husband and wife are but one person, and the point made is that by the death of one party to this unit no interest in property held by them as tenants by the entirety passes to the other. This view, when applied to a taxing act, seems quite unsubstantial. The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. Whether that power has been properly exercised in the present instance must be determined by the actual results brought about by the death, rather than by a consideration of the artificial rules which delimit the title, rights, and powers of tenants by the entirety at common law. See Nicol v. Ames, 173 U. S. 509, 516, 19 S. Ct. 522, 43 L. Ed. 786; Saltonstall v. Saltonstall, supra, page 271 of 276 U. S., 48 S. Ct. 225, 72 L. Ed. 565.

"Taxation, as it many times has been said, is eminently practical, and a practical mind, considering results, would have some difficulty in accepting the conclusion that the death of one of the tenants in each of these cases did not have the effect of passing to the survivor substantial rights, in respect of the property, theretofore never enjoyed by such survivor. Before the death of the husband (to take the Tyler Case, No. 428) the wife had the right to possess and use the whole property, but so, also, had her husband; she could not dispose of the property except with her husband's concurrence; her rights were hedged about at all points by the equal rights of her husband. At his death, however, and because of it, she, for the first time, became entitled to exclusive possession, use and enjoyment; she ceased to hold the property subject to qualifications imposed by the law relating to tenancy by the entirety, and became entitled to hold and enjoy it absolutely as her own; and then, and then only, she acquired the power, not theretofore possessed, of disposing of the property by an exercise of her sole will. Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other. These circumstances, together with the fact, the existence of which the statute requires, that no part of the property originally had belonged to the wife, are sufficient, in our opinion, to make valid the inclusion of the property in the gross estate which forms the primary base for the measurement of the tax."

[2] See Gwinn v. Commissioner, 53 S. Ct. 157, 77 L. Ed. —, decided December 5, 1932.