GRISWOLD ET AL., EXECUTORS, *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 38. Argued October 19, 20, 1933.—Decided November 6, 1933.

*Mr. Wm. N. Haddad* argued the cause, and *Mr. Walter T. Fisher* filed a brief, for petitioners.

*Mr. Erwin N. Griswold*, with whom *Solicitor General Biggs* and *Messrs. Sewall Key* and *Wm. Cutler Thompson* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Section 402 of the Revenue Act of 1921, c. 136, 42 Stat. 227, 277, 278, imposing an inheritance tax, provides,

" Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, . . .

.        .        .        .        .

"(d) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, . . ."

The decedent died in 1923, while the foregoing provision was in effect. At the time of his death he and his wife held as joint tenants certain real estate in Illinois, title to which vested in them by conveyance on October 5, 1909. The commissioner valued this real estate at $90,000, and included the whole of it in the value of decedent's gross estate as being within the reach of § 402 (d). Upon appeal to the Board of Tax Appeals, that tribunal, disapproving in part the commissioner's determination, held that the value of only decedent's one-half of the property could be included for the purposes of the tax. 23 B.T.A. 635. The circuit court of appeals affirmed. 62 F. (2d) 591.

Whether this application of the statute gives it a retroactive effect is the sole question here involved; and with that we find no difficulty. Under the statute the death of decedent is the event in respect of which the tax is laid. It is the existence of the joint tenancy at that time, and not its creation at the earlier date, which furnishes the basis for the tax. By the judgment under review, only half of the value, that is to say, the value of decedent's interest, has been included, leaving the survivor's interest unaffected. After the creation of the joint tenancy, and until his death, decedent retained his interest in, and control over, half of the property. Cessation of that interest and control at death presented the proper occasion for the imposition of a tax. See *Gwinn* v. *Commissioner,* 287 U.S. 224, and cases cited. And since that is all that is sought to be reached by the tax here in question, the complaint that the statute has been given a retroactive application obviously is without substance. The statute as applied does not lay a tax in respect of an event already past, but in respect of one yet to happen.

Petitioners insist that *Knox* v. *McElligott,* 258 U.S. 546, is to the contrary, but, clearly, it is not. There the tax return included the value of decedent's one-half of the jointly owned property, but did not include the value of the half which had been owned and enjoyed by the surviving joint tenant. Nevertheless, the commissioner undertook to impose a tax in respect of the value of this latter half as well. This court held that to do so was to apply the statute retroactively, and that this, under the circumstances of that case, could not be done. It did not hold, or intend to hold, that the statute was retroactive in so far as the value of the decedent's half of the joint estate was concerned. That question was not there involved. It is the only question here.

*Judgment affirmed.*