**TAIT, Collector of Internal Revenue, v. SAFE DEPOSIT & TRUST CO. OF BALTIMORE.**

No. 3549.

Circuit Court of Appeals, Fourth Circuit. April 3, 1934.

Charles G. Page, Asst. U. S. Atty., and Simon E. Sobeloff, U. S. Atty., both of Baltimore, Md. (Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant and cross-appellee.

Arthur W. Machen, Jr., of Baltimore, Md. (Armstrong, Machen & Allen, of Baltimore, Md., on the brief), for appellee and cross-appellant.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are cross-appeals from a judgment of the District Court of the United States for the District of Maryland, at Baltimore. Two actions at law were brought by the Safe Deposit & Trust Company of Baltimore, as executor of Thomas H. Bowles, deceased (hereinafter referred to as plaintiff), against Galen L. Tait, Collector of Internal Revenue (hereinafter referred to as defendant), to recover alleged overpayments of federal estate taxes paid on the estate of said Bowles. The cases were consolidated and submitted to the court in lieu of a jury. Certain questions of law arising on the pleadings were ruled upon by the trial court, 54 F.(2d) 383 and 387, and

the final opinion and verdict of the court will be found in 3 F. Supp. 51.

The alleged overpayment of the federal estate taxes was made under the Revenue Act of 1921, c. 136, 42 Stat. 227, 277, 278. Three separate items of property were involved, the questions being whether the whole value thereof, or some part of the whole value, should be properly included in the computation of the gross estate. The properties involved are: (1) Certain preferred and common stock of the Marine Securities Company valued at $193,004, transferred to his wife by the decedent more than two years prior to his death; (2) certain real estate owned in fee simple by the decedent at the time of his death and valued at $100,000; (3) certain Baltimore City stock (constituting funded indebtedness of the city of Baltimore) standing in the names of the decedent and his wife as joint tenants, valued at $103,458.81.

There is no dispute as to the facts. Thomas H. Bowles, a citizen of the United States and a resident of Baltimore county, state of Maryland, died on July 24, 1923, at the age of sixty-eight years, leaving surviving him a widow, namely Louise C. Bowles. At the time of the death of the said Thomas H. Bowles, he had no children or descendants of deceased children living. The said Thomas H. Bowles left a last will and testament executed in due form of law whereby he appointed the plaintiff his executor. After his death the said will was duly admitted to probate by the orphans' court of Baltimore county, in the state of Maryland, and letters testamentary upon the estate of this decedent were duly granted to the plaintiff, which said letters are still in full force and unrevoked. Said Louise C. Bowles, widow of the decedent, accepted the provisions of the said will and filed no renunciation thereof within the time allowed by law.

The decision of the court on the question as to the first item is accepted as correct, and it is only necessary to consider here the questions as to the second and third items. The Commissioner of Internal Revenue first held that the entire value of the decedent's real estate should be included in the gross estate subject to taxation, and it is contended, in the alternative, that if the entire value of the real estate should not be taxable, at least one-half of the value should be included, under the Maryland statute permitting the widow to elect to take one-half of the value of the real estate in lieu of dower. The applicable parts of the Revenue Act of 1921 under which this question is to be decided are

subsections (a) and (b) of section 402, which read as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;"

█ We are of the opinion that the court was correct in holding that under the law of Maryland real estate is not subject to the payment of the expenses of administration of the estate of a decedent and that the whole value of the real estate here involved was not taxable under subsection (a) of section 402 of the Revenue Act of 1921. See Article 16, § 233, Ann. Code of Maryland. While article 93, § 114, Ann. Code of Maryland, authorizes a court to appoint an administrator where only real estate is left by the decedent, it makes no provision for the sale of the real estate to pay debts or costs of administration.

In Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, construing language in the Revenue Act of 1918 (section 402 [40 Stat. 1097]) identical with the language used in the Revenue Act of 1921, the Supreme Court held, quoting from the syllabus: "That the requirements that a property interest, to be included, shall be subject to the payment of the charges against the estate and the expenses of administration must be taken, as they are expressed, in the conjunctive; that charges against the estate and expenses of administration are different and distinct things, and that when, by the state law, an interest in real estate, though subject to the former, is not subject to the latter, it forms no part of the gross estate for the purpose of the federal estate tax."

The Missouri statute (Mo. St. Ann. § 142, p. 88) under consideration in the Crooks Case is similar in substance to the Maryland statute, and we think that decision controlling on this point.

█ The whole value of the real estate not being taxable, we have then to consider what

part if any should properly be included in the gross estate for the purposes of taxation. The common-law right of dower is still preserved in Maryland, but it is provided by statute that the widow may elect to take, in lieu of dower, 50 per cent. of the value of the real estate. Maryland Code (1924) art. 45, § 6; Maryland Code (1924) art. 46, §§ 2, 3 and 4; Maryland Code (1924) art. 93, § 311.

The value of the dower amounts to $11,-707.36, and the value of that which the widow might, at her election, have taken in lieu of dower amounts to $50,000. Here the widow took neither her dower nor her statutory share in lieu of dower, but accepted the provisions of the will. We concur in the conclusion reached by the judge below to the effect that only the value of the dower should be included in the gross value of the estate for taxable purposes. In his conclusion on this point the judge below said (3 F. Supp. 51, 58):

"In my opinion it was the legislative intent by (b) to tax only the inchoate interest of the surviving spouse which existed during the decedent's life, made consummate by the latter's death; and not the interest created after death by an election to take as heir. This construction is consistent with the true nature of the tax as recently emphasized—that is a death duty, rather than a succession or legacy tax. Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 68 L. Ed. 558; Tyler v. United States, 281 U. S. 497, 502, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758. In Maryland, common-law dower, as still preserved, alone meets this test. In other states where common-law dower has been abolished, the statutory estate in lieu of dower may also meet the test. But it is unreasonable to infer that Congress meant to tax in one state either common-law dower or a larger statutory estate. And such construction would introduce an uncertainty or ambiguity which under familiar principles affecting taxing statutes would have to be solved in favor of the taxpayer. Crooks v. Harrelson, 282 U. S. 55, 61, 51 S. Ct. 49, 75 L. Ed. 156; Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211.

"I conclude, therefore, as to this item of real estate, that the extent of the widow's interest to be included in the gross estate is $11,707.36, and not $50,000."

█ On the third point the facts are as follows: In the year 1910, the decedent bought a country place near Baltimore known as "Westburn." The deed for this realty was

put in the name of himself and wife, thus creating under the Maryland law an estate by the entireties. Deceased paid the entire purchase price for the estate. In the year 1920 this property was sold and conveyed jointly by deceased and his wife and the cash proceeds of the sale were invested in United States bonds; in the year 1921, and prior to the effective date of the 1921 Revenue Act, these bonds were sold and the proceeds reinvested in securities known as Baltimore City stock. The certificate for the stock was issued in the name of deceased and his wife as joint tenants and to the survivor. The federal statute in question is subsection (d) of section 402 Revenue Act of 1921, which reads as follows: "Sec. 402. (d) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: Provided, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: Provided further, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy in the entirety by the decedent and spouse, or where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of one-half of the value thereof."

This section is discussed in Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 358, 74 L. Ed. 991, 69 A. L. R. 758, on certiorari from this court (33 F.(2d) 724). This item was not included by the Commissioner of Internal Revenue as a part of the gross estate (Treasury decision No. 4248). Following the decision in the Tyler Case, the Commissioner changed his ruling (Treasury decision No. 4295).

At the time of the institution of the present suit it was too late for the Commissioner to make an additional assessment, but the defendant was entitled to deduct from any recovery by the plaintiff in this case the amount of the tax properly computable on the value of this item. Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293. The plaintiff concedes that this is correct but claims that the item is not properly taxable. The estate held by the deceased and his wife in Westburn being a tenancy by the entireties, the nature of the interest of the parties in the property in which the cash proceeds of the sale were invested was likewise as tenants by the entireties. Brell v. Brell, 143 Md. 443, 122 A. 635; Whitelock v. Whitelock, 156 Md. 115, 143 A. 712; Masterman v. Masterman, 129 Md. 167, 98 A. 537; Brewer v. Bowersox, 92 Md. 567, 48 A. 1060.

There is nothing in the record to show why there was a change in the form of the title of the Baltimore City stock purchased with the proceeds of the sale of the United States bonds, but for the purposes of deciding the question here under consideration this change in the title is immaterial.

The judge below held that one-half of the value of this jointly held property should be included in the joint estate for the purposes of taxation and that when the title to the property was changed from tenant by the entireties to joint tenancy in 1921, a new estate was created and that it was reasonable to assume that Mrs. Bowles contributed a fair consideration in money in the acquisition of the estate amounting to one-half of the purchase price.

The precise question arising here was not decided by the Supreme Court in Tyler v. United States, supra. In that case the tenancy by the entireties dealt with by the Supreme Court was "created after the passage of the applicable act," and the court said: "In each case the estate was created after the passage of the applicable act, and none of the property constituting it had, prior to its creation, ever belonged to the surviving spouse."

Here the estate by the entireties was originally created in Westburn before the passage of the applicable act, and while the Tyler Case holds that the transaction running through various transfers and sales of property relates back to the original purchase of the property, it does not hold that it relates back to a time prior to the passage of the taxing act. In Knox v. McElligott, 258 U. S. 546, 42 S. Ct. 396, 66 L. Ed. 760, the Supreme Court held that the demand of the Commissioner for a tax on the whole of an estate of joint tenancy was not justified and that only one-half of the value of the property held in joint tenancy by a husband and

wife could be properly taxed. The Knox v. McElligott decision was based upon the reasoning in the decision of Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454, and this reasoning was approved in the case of Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081.

In Griswold v. Commissioner, 290 U. S. 56, 54 S. Ct. 5, 78 L. Ed. 166, decided by the Supreme Court on November 6, 1933, the court said: "Petitioners insist that Knox v. McElligott, 258 U. S. 546, 42 S. Ct. 396, 66 L. Ed. 760, is to the contrary; but, clearly, it is not. There the tax return included the value of decedent's one-half of the jointly owned property, but did not include the value of the half which had been owned and enjoyed by the surviving joint tenant. Nevertheless, the commissioner undertook to impose a tax in respect of the value of this latter half as well. This court held that to do so was to apply the statute retroactively, and that this, under the circumstances of that case, could not be done. It did not hold, or intend to hold, that the statute was retroactive in so far as the value of the decedent's half of the joint estate was concerned. That question was not there involved. It is the only question here."

The taxing act not being retroactive under these decisions of the Supreme Court, it follows that if Westburn had never been sold the interest therein vested in the wife in 1910, under the terms of the deed, could not be included in the gross estate for the purposes of taxation. The proceeds of the sale of Westburn were first used for the purchase of United States bonds and, upon the sale of these bonds, for the purchase of the Baltimore City stock and only the one-half of the value of the latter stock is properly taxable.

In reaching his conclusion on this point the trial judge said (3 F. Supp. 51, 61): "The third possible view, and the one which I have decided to adopt (after the best consideration I could give to the subject) as open to the least objection, is that one-half of the value of this jointly held property should be included in the gross estate. When the title to the property was changed from tenancy by the entireties to joint tenancy in 1921, a new estate was created, and I think it reasonable to assume that Mrs. Bowles contributed a fair consideration in money or money's worth in the acquisition of this estate. In the proceeds of sale of the Victory notes she was entitled as a tenant by the entirety, and as a practical matter, as indicated in Brell v.

Brell, 143 Md. 443, 122 A. 635, and Whitelock v. Whitelock, 156 Md. 115, 143 A. 712, she had a one-half interest therein and was entitled to one-half of the net income during the joint lives of herself and her husband. And this result is, I think, consistent with the actual holding in Griswold v. Commissioner (C. C. A. 7) 62 F.(2d) 591, 593, 594."

The judgment of the court below was right and is, accordingly, affirmed.