**McCRADY et al. v. HEINER, Collector of Internal Revenue.**

**No. 7444.**

District Court, W. D. Pennsylvania.

May 3, 1937.

McCrady, McClure, Nicklas & Hirschfield (by R. A. McCrady), of Pittsburgh, Pa., for plaintiffs.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The facts are stated in the foregoing findings of fact. The question involved is whether the three pieces of real estate owned by the decedent and his wife as tenants by the entireties at the time of decedent's death should be included in the gross estate of the decedent. The answer to this question is to be determined by the Revenue Act of 1926, § 302(e), 44 Stat. 70 (26 U.S.C.A. § 411(e), which provides:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof [1] as may be shown to have originally belonged to such other person [2] and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth."

Excepted from the gross estate of the decedent is the interest of the decedent in property held by him and his spouse as tenants by entireties which originally belonged to the surviving spouse and which had never been received or acquired by the surviving spouse from the decedent.

The Rankin and Edgewood properties originally belonged to the surviving spouse. They were never received or acquired by the surviving spouse from the decedent. That decedent paid for these properties did not make him the owner thereof, nor did they belong to him. The decedent never having been the owner thereof, the surviving spouse did not receive or acquire said properties or an interest therein from the decedent.

The West Springfield property originally belonged to decedent and was received as a gift by the surviving spouse from the decedent.

I, therefore, conclude that the Rankin and Edgewood properties should not be included in the gross estate of the decedent and that the West Springfield property should be included in the gross estate of the decedent. This conclusion is reached upon what is deemed to be a fair interpretation of the legislative intent as manifested by the terms of the act involved. Our attention has not been called to any case in which the precise question, or questions, involved in this case has been previously determined by any court. See Tyler et al. v. U. S., 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; and Tait v. Safe Deposit & Trust Co. of Baltimore, 70 F.(2d) 79 (C.C.A.4).