ESTATE OF JOHN C. MORROW, DECEASED, MELLON NATIONAL BANK & TRUST COMPANY AND MILDRED MORROW MCBRIDE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36554. Promulgated March 12, 1953.

*Sidney B. Gambill, Esq.,* for the petitioner.
*George C. Lea, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $724.64 in estate tax. The only issue for decision is whether $5,000 paid to the daughter of the deceased by his former employer was a part of the decedent's gross estate. The facts have been presented by a stipulation which is adopted as the findings of fact.

The decedent died on May 26, 1947, while residing in Pittsburgh, Pennsylvania. The estate tax return was filed with the collector of internal revenue for the twenty-third district of Pennsylvania.

The decedent was employed by H. H. Robertson Company, hereafter called Robertson, from 1919 to the date of his death. The largest salary received by him was $600 a month but he was receiving less than that at the time of his death. He had been employed for a number of years as purchasing agent. He was never a director or executive officer of the corporation.

Robertson, a Pennsylvania corporation, purchased an insurance policy from an insurance company on March 26, 1926, insuring the life of the decedent for $10,000. Authority for the purchase of the insurance policy was conferred in a resolution of the board of directors of Robertson adopted on March 20, 1926, which provided in part:

The Secretary presented a new plan of insurance for the employees, which provides for ordinary life insurance for department heads and district managers; group life insurance on a schedule based on length of service for all other employees and participating group disability insurance for wage earners at Ambridge and Pittsburgh, all of which was on due motion and vote approved by the Board of Directors.

The decedent, at the request of Robertson, executed the application for the policy. Other key employees did likewise.

The insurance policy provided that the $10,000 would be paid to Robertson "for its sole benefit with the right to exercise any options herein, and to receive all payments of whatsoever nature that may become due without the consent of the insured." The insured had no right to change the beneficiary. Robertson paid all premiums on the policy.

The total premium included $25.40 for protection in event of total and permanent disability. That provision of the contract could be canceled with a corresponding reduction of the premium. The insured was to receive $100 a month in the case of total and permanent disability.

Robertson wrote to the decedent on February 17, 1927, stating that it owned the policy of insurance which had been taken out but if the decedent should leave the company or if the company should decide to discontinue the insurance, he would then be entitled to purchase it from the company at its cash surrender value and convert it to whatever type of insurance he wished. It was stated in the letter:

Further, you will remember that it is the purpose of the Company in the event of your death to pay one-half of the proceeds of the insurance to your family. So long, therefore, as the insurance remains in force your family is protected to the extent of $5,000.00.

The decedent was asked to designate on an enclosed copy of the letter "the name of the Beneficiary to whom you wish the Robertson Company to pay your share of the insurance. Please restrict the name of the Beneficiary to a member or members of your immediate family."

The decedent designated his wife. The latter died June 27, 1937, and on September 21, 1938, the decedent wrote a letter to Robertson designating his daughter, Mildred Morrow McBride, in place of his deceased wife as the person to receive the $5,000 from Robertson. The daughter survived the decedent and received the $5,000 from Robertson.

The decedent remarried after the death of his first wife and his second wife survived him. She wrote to Robertson on July 2, 1947, stating that she claimed no right to any part of the amount for which her deceased husband was insured and recognized that the $5,000 was to go to his daughter.

Robertson borrowed $1,292 on the policy in 1933 and repaid it in 1936.

Pursuant to the policy, the insurance company paid Robertson $10,000 upon the death of the decedent. Robertson deposited the money in its bank account, and thereafter paid $5,000 to Mildred Morrow McBride.

The decedent, at the time of his death, owned less than 1 per cent of the stock of Robertson.

Robertson at all times retained possession of the policy except when it was pledged with the insurance company to secure the loan. Rob-

ertson carried the cash surrender value of the policy as an asset in its records and financial statements, and treated the premiums paid on the policy as expenses but did not deduct them on its tax returns.

The policy was not reported as a part of the decedent's estate but was mentioned in the return where it was stated "This was a business policy on which the H. H. Robertson Company paid the premiums and claimed complete ownership thereof. For this reason, no part of the proceeds are included in the gross estate."

The Commissioner, in determining the deficiency, included $5,000 in the gross estate as "insurance," representing one-half of the proceeds of the $10,000 payable to Robertson on the policy of insurance referred to above.

The Commissioner contends that the $5,000 was properly included in the gross estate as the proceeds of life insurance receivable by other beneficiaries within the meaning of section 811 (g) (2) because it was received by other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums paid indirectly by the decedent and (B) the decedent possessed, at his death, the right to designate and change the beneficiary of one-half of the proceeds of the policy, which right was an incident of ownership. He contends that the premiums were indirectly paid by the decedent in that Robertson in paying them was paying additional compensation to the decedent. He claims in the alternative that the entire transaction was a part of an over-all plan of Robertson for compensating its employees under which plan the decedent had property rights justifying the inclusion of the $5,000 in his gross estate under section 811 (a). He argues that the letter dated February 17, 1927, together with the surrounding circumstances, created a trust under which Robertson was trustee of a one-half interest in the policy for the benefit of the decedent and the decedent reserved the right to designate and change the beneficiary of that part of the proceeds of the policy, which right was an incident of ownership to the date of his death.

The stipulated facts show that the decedent had none of the incidents of ownership in the policy at the date of his death. His employer had all of those incidents. The entire proceeds of the policy were payable to and were paid to Robertson. The employer stated in the letter of February 17, 1927, that its purpose was to pay one-half of the proceeds of the insurance to the family of the decedent and it requested him to name the member or members of his immediate family to whom he would like to have the $5,000 paid. He named his wife and later, because of her death, named his daughter, but not as beneficiaries of the policy. The employer was the beneficiary named in the policy and no other beneficiary could be named. Cf. *Estate of Edward Doerken*, 46 B. T. A. 809. The wife and daughter were merely the persons to whom the employer proposed to pay $5,000

after it had received the entire proceeds of the policy from the insurer. The persons designated by the decedent were not to receive insurance as such but were to receive something from Robertson. The situation would be entirely different if the insurance policy had named Robertson as beneficiary to the extent of $5,000 and the wife or the daughter as beneficiary to the extent of the remaining $5,000. Cf. *Estate of Judson C. Welliver*, 8 T. C. 165. If the letter and the surrounding circumstances constituted a binding contract between Robertson and the decedent or the member of his family designated by him, nevertheless, that was not a contract of insurance, and since section 811 (g) applies only to the proceeds of life insurance, it does not cover the present situation.

Furthermore, there was no indirect payment of the premiums by the decedent. Whatever rights, if any, the decedent had in the insurance were so restricted and uncertain, and the benefits and rights of the employer were so great, that the payment of the premiums by Robertson did not represent income taxable to the decedent. Robertson borrowed on the policy and it could have borrowed to such an extent that the proceeds upon the death of the decedent would not have amounted to $5,000. It did not deduct the premiums as compensation or otherwise on its returns. There were times during the life of the policy when the decedent had not designated anybody and if he had died at such time or without leaving any members of his immediate family surviving him, Robertson would have been under no obligation to pay anybody anything out of the proceeds of the insurance. Thus, even if the $5,000 received by the daughter were regarded as proceeds of life insurance within the meaning of section 811 (g), nevertheless (g) (2) would not subject the amount to tax because neither (A) nor (B) thereof would apply.

The respondent did not hold that section 811 (a) applied and never pleaded that it applies. No question of its application is properly in issue. Futhermore, the record fails to show that the decedent, at the time of his death, had a property right worth $5,000 which should be included in his gross estate under section 811 (a). He had total disability benefits but they never became applicable and in any event would have terminated with his death. His rights, if any, as distinguished from those of his daughter, if any, in regard to the $5,000 were so restricted and so uncertain that they cannot be regarded as having a value for estate tax purposes under section 811 (a). *Dimock, Executor* v. *Corwin*, 19 F. Supp. 56, affd. on another issue 99 F. 2d 799, affd. 306 U. S. 363.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

KERN, TIETJENS, and RAUM, *JJ.*, concur in the result.