TORBERT, Chief Justice
(concurring specially).
I agree with the majority that this instrument is neither a deed nor a contract. Further, as a codicil to the will, this provision could not effect a change in the joint tenancy. The cases from other jurisdictions on the issue are uniform in holding:
“Unless a joint tenancy be severed during the lives of the joint tenants, the right of survivorship persists and upon the death of one of the joint tenants, the survivor takes the whole estate. Neither joint tenant can dispose of any interest in the property by will and defeat the right of survivorship of the whole.” (Emphasis added.)
Dimock v. Corwin, 99 F.2d 799, 801 (2nd Cir.1938). See also, In re Barret’s Estate, 137 So.2d 587 (Fla.Dist.Ct.App.1962); 48A C.J.S. Joint Tenancy § 19 (1981). This result would not be changed by the execution by both parties of a codicil which attempted to sever the joint tenancy at death.